## A93A0467. GARRETT ASSOCIATES, INC. v. MEDIPLEX GROUP, ]INC.

(434 SE2d 568)

COOPER, Judge.

This case arose as a result of two breach of contract claims asserted against Mediplex Group, Inc. ("Mediplex") for allegedly failing to make payments in accordance with the terms of the contracts. This appeal is from the trial court's grant of Mediplex's motion to dismiss for lack of personal jurisdiction.

The record reflects that in 1987, Mediplex, a Massachusetts corporation, initiated a contract with Garrett Associates, Inc. ("Garrett"), a Georgia corporation, for personnel recruitment searches to locate management and medical personnel for Mediplex. Mediplex operates sixteen licensed in-patient facilities located in five different states, none of which is situated in Georgia. Garrett was contacted by Mediplex by telephone at Garrett's Atlanta office. Mediplex requested, and Garrett performed an employee search for which Garrett was duly paid. Subsequently, in August 1990, Garrett was again contacted by Mediplex by telephone to undertake a second search similar to that conducted in August 1987. This agreement was memorialized in a written contract ("first contract") which Garrett mailed to Mediplex. Mediplex hired an individual identified by Garrett; however, Mediplex failed to pay Garrett's fee in full. In this action, Garrett seeks the balance allegedly due on the first contract. Subsequent to the search, in connection with the first contract, Mediplex continued its contacts with Garrett in the form of letters and telephone calls regarding information about Mediplex and soliciting contract management work and referrals for Mediplex.

In late 1990, Garrett was contacted regarding a third search for an entity named Koala Centers. The evidence is in conflict as to the genesis of this search. Garrett submitted the affidavit of its president who averred that he was contacted by Stuart Podolnick, an individual Garrett had previously presented to Mediplex for employment and who was subsequently hired by Mediplex, by telephone; that he understood Podolnick to be a vice-president of Mediplex; that Podolnick requested two additional searches for Mediplex; and that Garrett's president signed and mailed a written contract ("second

contract") to Podolnick which indicated that two searches would be performed by Garrett for Koala Centers. Mediplex submitted the affidavit of Frank Fanella, the chief operating officer of American Treatment Centers, Inc. ("ATC"), a Delaware corporation with offices in Florida which operates under the trade name "Koala Centers." Fanella averred that the only contact he had with Garrett was by telephone or mail and that he received the contract prepared by Garrett by mail. There was no evidence of a relationship between Podolnick and ATC. Nonetheless, it is undisputed that the contract was executed by Frank Fanella and Garrett; that ATC is a separate and distinct legal entity from Mediplex; and that Podolnick was a vice-president of Mediplex. Garrett also sued Mediplex for the balance due under the second contract. ATC is not a defendant in this case.

In three enumerations of error, Garrett contends that on the basis of the evidence it presented in opposition to Mediplex's motion to dismiss, the trial court was authorized to exercise long-arm jurisdiction over Mediplex pursuant to OCGA § 9-10-91. Therefore, the trial court erred in granting Mediplex's motion to dismiss for lack of jurisdiction.

"Georgia's Long Arm Statute states that the courts of this State may exercise personal jurisdiction over any nonresident as if he were a resident of the State, if in person or through an agent he: 1) Transacts any business within this State. Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, the defendant must have purposefully directed his activities at residents of the forum, and the litigation must result from alleged injuries that arise out of or relate to those activities. The constitutional touchstone is whether the defendant purposefully established minimum contacts in the forum State, that is, whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there. Mere telephone or mail contact with an out-of-state defendant is insufficient to establish the purposeful activity with Georgia required by the Long Arm statute. Also, an individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts. Prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing must be evaluated in determining whether the defendant has purposefully established minimum contacts within the forum." (Citations and punctuation omitted.) *White House v. Winkler*, 202 Ga. App. 603, 604-605 (415 SE2d 185) (1992).

With respect to the first contract, the record reveals more than mere unilateral mail or telephone contacts. Mediplex initiated the contact between the two parties by contacting Garrett at its home

office in Atlanta. Mediplex also "actively participated in dealings with [Garrett] such that [its] actions were purposeful [and] created continuing obligations between [itself and Garrett]." Id. at 605. Moreover, Mediplex's conduct induced Garrett to perform services on behalf of Mediplex to its financial detriment. Therefore, we conclude that Mediplex knowingly and purposefully acted to consummate a transaction within this state with respect to the first contract and thereby established legally sufficient contacts. Hence, " 'neither reasonableness nor fair play nor substantial justice would be offended' by haling [Mediplex] into a Georgia court and exercising jurisdiction over [Mediplex]. [Cits.]" Id. On this basis, we conclude that the trial court erred in dismissing Garrett's complaint as to the first contract.

As to the second contract, however, we find no basis for personal jurisdiction over Mediplex pursuant to OCGA § 9-10-91. It is undisputed that ATC is a legal entity separate and distinct from Mediplex. Even if the initial call to Garrett was made by Podolnick, there is no evidence that he was authorized to act on behalf of ATC and the fact remains that the second contract was executed by Garrett and ATC, and Mediplex was not a party to this written contract upon which Garrett's claim is based. Moreover, ATC is not a party in this case; therefore, the question of whether the trial court can exercise jurisdiction over ATC is not before us. Thus, there was no error in the dismissal of the complaint as to the second contract.

*Judgment reversed in part and affirmed in part. McMurray, P. J., concurs. Beasley, P. J., concurs in judgment only.*

DECIDED JULY 15, 1993 —
RECONSIDERATION DENIED JULY 29, 1993.

*Kessler & Sparks, Steward A. Sparks III*, for appellant.
*Ellis, Funk, Labovitz & Campbell, Donald J. Ellis, William A. Percy III*, for appellee.

